UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN LEE and
ACCELIRIS, LLC                                                                                          PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 3:15-CV-00021-CRS

JP MORGAN CHASE BANK, N.A.                                                                              DEFENDANT

**MEMORANDUM OPINION**

I.      Introduction

JP Morgan Chase Bank ("Chase") moves this Court for judgment on the pleadings. Acceliris, LLC ("Acceliris") and John Lee (together, the "Plaintiffs") oppose judgment on the pleadings. Additionally, Lee moves this Court for leave to amend the complaint.

For the reasons below, the Court will deny Lee leave to amend the complaint. The Court will grant Chase's motion for judgment on the pleadings in full.

II.     Whether the Court Should Grant Lee Leave to Amend the Complaint

A.   Legal Standard

Lee moves for leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). Pl.'s Mot. Am. Compl. 1, ECF No. 17.

Under Rule 15(a)(2), the plaintiff may amend the complaint only if the Court grants leave to amend or if the opposing party consents. This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, if a proposed amendment would be futile, the Court should not grant leave to amend. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014). A proposed

1

amendment is futile when it would not survive a motion to dismiss for failure to state a claim. *Id.* (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

In evaluating a motion to dismiss for failure to state a claim, the Court determines whether the complaint alleges "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Court assumes the veracity of well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint "does not need detailed factual allegations," but a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Thus, the dispositive question is whether Lee's proposed amended complaint "contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

    B. <u>Count III</u>

In the proposed amended complaint, the Plaintiffs adopt and incorporate by reference the original complaint. Pl.'s Proposed Am. Compl. ¶ 1, ECF No. 17-1. Lee adds "Count III" which alleges that Chase, "acting with reckless indifference, wrongfully seized funds from Lee's limited liability company, Acceliris, LLC, of which Lee is the sole and managing member." *Id.* ¶ 2. The proposed amended complaint does not explicitly state a cause of action for Count III.

The Court assumes that Count III asserts a cause of action under Kentucky law for the tort of outrage (also known as intentional infliction of emotional distress). Under Kentucky law, the tort of outrage requires that the plaintiff show that the defendant's conduct was "intentional or reckless;" that the defendant's "conduct was so outrageous and intolerable that it offends generally accepted standards of decency and morality;" and that the conduct "caused the victim's

severe emotional distress." *Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 814 (W.D. Ky. 2014) (internal quotations omitted); *see also*, *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984) (recognizing the tort of outrage).

The Court bases the assumption that Count III alleges the tort of outrage on the proposed amended complaint's language. The proposed amended complaint says, "Defendant's conduct was undertaken in reckless disregard for Plaintiff's physical and mental health." *Id.* ¶ 7. It also says, "Defendant's conduct did in fact cause Plaintiff John Lee to suffer severe emotional distress." *Id.* ¶ 8. Finally, it says, "The conduct of Defendant, acting through its employees, exceeded the bounds of common decency as would be observed in any civilized community." *Id.* ¶ 9.

C. Standing

Chase asks this Court to deny Lee leave to amend the complaint. Def.'s Resp. Opp. Pl.'s Mot. Am. Compl. 1, ECF No. 19. Chase argues that the proposed amended complaint would be futile because Lee, as the sole member of the LLC, lacks standing to bring an outrage claim against Chase. *Id.* at 6.

Under Kentucky law, "limited liability companies are creatures of statute controlled by Kentucky Revised Statutes Chapter 275. KRS 275.010(2) states unequivocally that a limited liability company is an entity distinct from its members." *Turner v. Andrew*, 413 S.W.3d 272, 275 (Ky. 2013) (internal quotations omitted). Chapter 275 also provides:

> A member of a limited liability company shall not be a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company, except if the object of the proceeding is to enforce a member's right against or liability to the limited liability company or as otherwise provided in an operating agreement.

Ky. Rev. Stat. § 275.155; *Turner*, 413 S.W.3d at 275 – 76.

3

In *Turner*, the Kentucky Supreme Court addressed whether the sole owner of an LLC could bring a claim in his own name for lost income after the truck owned by his LLC was in an accident. 413 S.W.3d at 274 – 75. The court held that the plaintiff did not have standing as a sole owner of the LLC to bring a claim for damages in his own name. *Id.* at 277 – 78. The Kentucky Supreme Court added, "Moreover, an LLC is not a legal coat that one slips on to protect the owner from liability but then discards or ignores altogether when it is time to pursue a damage claim." *Id.* at 276; *see also*, *Pannell v. Shannon*, 425 S.W.3d 58, 67 (Ky. 2014) (holding that the sole owner of limited liability company cannot be personally liable by reason of her member status).

### D. Futility

The Court agrees with Chase that Lee's proposed amendment would be futile. Lee is the sole owner of Acceliris. Compl. ¶ 6, ECF No. 1-1. Lee, as the sole owner of Acceliris, does not have standing to bring an outrage claim in his own name against Chase. *See Turner*, 413 S.W.3d at 277 – 78. Additionally, Count III cannot be read to allege an outrage claim on behalf of Accerliris because Lee's motion to amend says that the "Amendment in this case will present a separate cause of action for Mr. Lee only." Pl.'s Mot. Am. Compl. 1.

Given that Lee lacks standing to bring an outrage claim against Chase in his individual capacity, Count III fails to state sufficient facts to assert a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 555. Thus, as Count III fails to survive the motion to dismiss standard, the Court will deny Lee leave to amend because the proposed amendment would be futile.

The Court will deny Lee's motion to amend the complaint.

### III.  Judgment on the Pleadings

A. Legal Standard

In evaluating a motion for judgment on the pleadings, this Court takes all well-pleaded material allegations of the opposing party's pleadings as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). This Court may grant judgment on the pleadings "only if the moving party is nevertheless clearly entitled to judgment." *Id.*

B. Count I: Wrongful Seizure and Detention of Funds

Count I of the complaint alleges "wrongful seizure and detention of funds." Compl. at 5. The Plaintiffs argue that Count I raises a statutory claim for wrongful distress or attachment under Ky. Rev. Stat. § 411.080. Pl.'s Resp. Def.'s Mot. J. Pldgs. 4, ECF No. 16. The statute says, "If property is distrained or attached without good cause, the owner may, in an action *against the party suing out the distress or attachment*, recover damages for the wrongful seizure." Ky. Rev. Stat. § 411.080 (emphasis added).

The Kentucky Court of Appeals has said, "KRS 411.080 delineates a cause of action for wrongful garnishment. Additionally, a wrongful garnishment can be the foundation for a common law cause of action for malicious prosecution." *Ky. Farm. Bur. Mut. Ins. Co. v. Burton*, 922 S.W.2d 385 (Ky. Ct. App. 1996); *see also*, Ky. Prac. Civ. P. Forms § 30:20 (form for a wrongful garnishment action under Ky. Rev. Stat. § 411.080); *accord*, *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 332 S.W.3d 85, 90 (Ky. 2009) (citing § 411.080 as basis for recovering attorney's fees in wrongful garnishment or wrongful attachment suits).

Count I is not a claim for wrongful garnishment or malicious prosecution. Pl.'s Resp. 6. Instead, the Plaintiffs argue:

> Finally, a statutory claim under KRS 411.080 may entail all that is defined therein. For instance, a wrongful attachment could consist of a post-judgment wrongful garnishment or a pre-judgment wrongful attachment. Furthermore, a

5

distraint, as previously defined herein, could be brought for any detention of funds, lawful or unlawful, for any purpose.

Pl.'s Resp. 7. They cite no case to support this proposition.

Chase asks this Court for judgment on the pleadings because "Plaintiffs cannot state a claim for wrongful seizure against Chase." Def.'s Mem. Supp. Mot. J. Pldgs. 5, ECF No. 15-1.

1. Whether Acceliris can state a claim for wrongful seizure against Chase

Chase argues that Acceliris cannot state a claim for wrongful seizure against Chase because § 411.080 provides a cause of action only "against the party suing out the distress or attachment." Def.'s Mem. Supp. Mot. J. Pldgs. 5 (citing Ky. Rev. Stat. § 411.080).

An action under § 411.080 may only be brought "against the party suing out the distress or attachment." Ky. Rev. Stat. § 411.080; *see also*, *Burton*, 922 S.W.2d at 387 (upholding wrongful garnishment judgment against issuer of garnishment); *Mengedoht v. Nationwide Ins. Co.*, 2006 WL 3715908 (W.D. Ky. 2006) (holding that § 411.080 only permits a suit against the suing party, dismissing claim against an attorney who garnished a bank account on behalf of Nationwide, and keeping a claim against issuer of wrongful garnishment).

The Court agrees with Chase that Acceliris may only bring a claim against the party suing out the distress or attachment. *See* Ky. Rev. Stat. § 411.080. The complaint makes no allegation that Chase issued the garnishment. Instead, by the complaint's own terms, the party "suing out the distress or attachment" is either Jill Stanley, or her attorney, Steve Snow, who issued the garnishment:

> Chase received an Order of Non-Wage Garnishment *issued by Jill Stanley through her attorney, Steve Snow*, on October 2, 2012, together with Mr. Snow's affidavit, which identified John Lee as the judgment debtor. Chase forwarded the amount it held for John Lee ($4,846.54) to Mr. Snow, and filed its Affidavit and Answer on October 18, 2012.

Compl. ¶ 8 (emphasis added).

Chase is clearly entitled to judgment on Acceliris's claim in Count I for "wrongful seizure and detention of funds" because the complaint alleges no facts to suggest that Chase issued the garnishment and thus could be liable under § 411.080.

Thus, the Court will grant judgment to Chase on Acceliris's claim for wrongful seizure and detention of funds as alleged in Count I.

### 2. Whether Lee can State a Claim for Wrongful Seizure Against Chase

For the same reason, Chase is clearly entitled to judgment on Lee's claim in Count I for "wrongful seizure and detention of funds" because the complaint alleges no facts to suggest that Chase issued the garnishment and thus could be liable under § 411.080. *See* discussion *supra* Part III(B)(1).

Even if the complaint alleged that Chase issued the garnishment, Lee lacks standing to bring a claim against Chase in his own name for wrongful seizure and detention of funds. Lee lacks standing as the sole member of the LLC to bring a claim against Chase for the tort of outrage. *See* discussion *supra* Parts II(C) and (D). For the same reason, Lee lacks standing as the sole member of the LLC to bring a claim against Chase for wrongful seizure and detention of funds. *See Turner*, 413 S.W.3d at 277 – 78.[1]

Thus, the Court will grant judgment to Chase on Lee's claim for wrongful seizure and detention of funds as alleged in Count I.

### C. Count II: Punitive Damages

Count II of the complaint alleges "Punitive Damages." Compl. at 6. The Plaintiffs argue that Count II alleges "a claim for punitive damages." Pl.'s Resp. 4.

---

[1] Chase also argues that Lee waived his claim because Lee did not respond to Chase's argument that he lacked standing to bring the claim in his individual capacity. Def.'s Reply 7, ECF No. 18. As the Court will grant judgment to Chase on all claims, the Court need not address whether Lee waived any objection.

Punitive damages are a remedy, not a cause of action. *Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 751 (W.D. Ky. 2014); *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 – 79 (W.D. Ky. 2012).

Thus, the Court will grant judgment to Chase on Count II.

IV. Conclusion

The Court will deny Lee's motion for leave to amend the complaint.

The Court will grant Chase's motion for judgment on the pleadings in full. The Court will dismiss all claims against Chase, without prejudice.

The Court will enter an order in accordance with this opinion this date.

October 30, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

8